UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN YEISLEY,<br>Plaintiff,<br>v.<br>UNKNOWN,<br>Defendant. | No. 2:26-cv-2534 SCR P<br><br><u>ORDER</u> |

Plaintiff, a county jail inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis ("IFP") application pursuant to 28 U.S.C. § 1915. Plaintiff's request to proceed IFP will be denied without prejudice. Plaintiff will be required to pay the full filing fee or submit an updated IFP application within 30 days if his circumstances have changed or if he can show that his financial obligations make him unable to pay the filing fee.

Plaintiff's IFP application states that he has $10,000-$20,000 in cash and/or checking or savings accounts. ECF No. 9 at 2. "[O]ne need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted). Plaintiff's application does not state that he has financial obligations in excess of his $10,000-$20,000 in savings. Thus, it appears

Plaintiff is capable of paying the filing fee. *See C.C.R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-0640-DAD-SAB, 2021 WL 2534461, *1 (E.D. Cal. June 21, 2021) ("Where the applicant's income exceeds expenses by a notable amount, it may be appropriate to deny in forma pauperis status"); *Najafianashrafi v. Garland*, No. 1:24-cv-00336-KES-BAM, 2024 WL 3917151 (E.D. Cal. Aug. 23, 2024) (denying motion to proceed IFP where plaintiff's monthly income exceeded expenses by $347); *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").

Plaintiff must pay the filing fee or submit a new IFP application within 30 days. If Plaintiff submits a new IFP application, it must show that he is unable to pay the filing fee. Moreover, the certificate portion of any IFP application must be completed by plaintiff's institution of incarceration. Also, plaintiff must file a certified copy of the inmate trust account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall pay, within 30 days from the date of this order, the full filing fee of $405;

2. In the alternative, if Plaintiff believes he is unable to pay the filing fee, within 30 days he may file anew IFP application showing that his financial obligations make him unable to pay the filing fee, despite his cash savings;

3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: August 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE